Estate of John Hertzler, deceased. Appeal of Michael H. Moore and Mary J. Hertzler, Executrix of Jacob Hertzler.

*Executors and administrators — Accounting — Profits—Surcharge—Release.*

Where a legatee entitled to one third of a residuary estate releases to the executors his "full share of the residue and remainder of the estate . . . . and from all actions, suits, accounts, reckonings, claims and demands whatsoever for or by reason thereof," the release covers his entire interest, and not merely the interest shown by the account of the executor filed, up to date; and subsequently, on final accounting, where the executors are surcharged with two thirds of the profits made on a portion of the estate, up to the time of the release, they should be surcharged with only two thirds of the profits made after the release, and not with the whole amount of such profits.

Where executors retain the moneys of the estate in their hands for a number of years, and invest the same in business, making large profits, they are bound to account for the profits, although there may have been no technical trust created by the will.

Argued May 17, 1899. Appeal, No. 321, Jan. T., 1898, by Michael H. Moore, from decree of O. C. Lancaster Co., dismissing exceptions to auditors' report. Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Decree modified.

Exceptions to auditors' report.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*John G. Johnson,* with him *H. M.* and *E. D. North,* for appellants.—There was no active trust. It was the duty of the executors to pay over the balance in their hands whenever demanded, either to a guardian of the children who were minors, or to the adults upon the attainment of majority: Theobald on Wills, 461; Merritt v. Richardson, 14 Allen, 241; Rocke v. Rocke, 9 Beav. 66; 2 Williams on Executors (6th Am. ed.), 1505.

Under no circumstances were the auditors justified, under

John Hertzler's release, in giving to the two sisters the benefit of more than two thirds of the bank stock or the dividends thereof.

*J. Hay Brown*, of *Brown & Hensel*, for appellee.—The accountants cannot escape proper responsibility by pleading that they were not really trustees, when, for thirty years, they retained control of the moneys of the estate, and in every account that they filed they designated themselves, and properly so, as trustees for their wards.

It is true that John Hertzler, one of the three children of the testator, settled with the executors and trustees and executed a release to them some time in the year 1880; but his settlement was upon the basis of the accounts as filed up to that time, in none of which were included the items calling for the surcharges made by the learned auditors. If he settled upon the basis of one third of what appeared to be due him on the face of the accounts, it can hardly be pretended that any portion of the trust funds that remained in the hands of the trustees belonged to them. All that remained constituted the trust estate, to which the two daughters were entitled.

OPINION BY MR. JUSTICE DEAN, July 19, 1899:

It would answer no useful purpose to again narrate all the facts of this case, running back over a period of almost forty years, as they are fully set out in the report of the auditors. It is sufficient to say that in 1860, John Hertzler died, leaving a large estate, which he disposed of by a will, of which will he appointed Michael Moore and Jacob Hertzler, executors. He left a widow, since deceased, and three children, John, Mary and Elizabeth, the latter a posthumous child. Among these he divided the bulk of his estate by specific legacies, and then to each gave one-third of the residuary estate. On May 17, 1862, the executors filed their first account, and on September 21, 1891, their ninth and last account, which is the subject of this litigation. All the accounts filed prior to the last were passed upon and confirmed by the orphans' court. Exceptions were filed to this account by the three legatees, which related to matters entering into all the previous accounts, and were considered

by the auditors. The executors had mixed the funds of the estate with their own, had invested part of the funds in national bank stock, on which there were large profits, yet they accounted only for the principal so invested with interest at five per cent. There were other exceptions. The court appointed William Leaman and Charles I. Landis, Esqs., to hear and decide on the exceptions, and make distribution. After a patient hearing and careful deliberation, they framed and filed a report, finding the facts and applying the law, a report so full, clear and convincing, that, except in one particular, which we shall discuss, there can be no well founded exception to it. They surcharged the accountants with $32,512.69, of which sum $18,619.83 is surcharged against Moore, and $13,893.86 against Hertzler.

It appeared that on August 18, 1880, John Hertzler, the son, after coming of age, settled with the executors and accepted from them a lump sum for his entire interest of one third in the estate, and executed and delivered to the executors a full release therefor. This release is sustained by the auditors as a valid instrument, and this effect given to it as we quote from their report: "It is, however, proper to state that as the three children of John Hertzler, deceased, as well as the executors, have interpreted his will as dividing the residue of said estate equally among the said children, and as John Hertzler, on May 18, 1880, settled with the said executors, and has no interest in this contention, the exceptants are not entitled to the whole of the dividends and the allotment, but only to their share of the same. Therefore, in surcharging the executors only two thirds of the dividends up to August 18, 1880, and two thirds of the value of the allotment must be added to the balance in the account, and as, after that date, the whole of the dividends and interest belonged to them, therefore, from that date until the filing of the last account the whole of the dividends, with interest, must be added." It will be noticed, that up to the date of the release the auditors treat the executors as practically, the owners of John's third and surcharge them with but the two thirds of the money they ought to have accounted for up to that date. But if John, after the execution of the release, was divested of all interest, certainly his sisters had no right subsequent thereto, to more than dividends on two thirds

of the bank stocks.   The auditors found as a fact, that one hundred shares of bank stock had been purchased with the money of the estate; that by John's release, one third of this stock belonged to the executors.   Then, why surcharge them after the date of the release with the whole for the benefit of the sisters?   The argument of appellee, that John's release covered only his interest as exhibited by the accounts filed up to the date of it, and as in none of these accounts were any of the items constituting the surcharge mentioned, the trust fund thereafter in the hands of the executors was not affected by the release.   But this argument takes no note of the terms of the release.   It is of no specific part or item but of all his share in the estate, thus : "I, the said John Hertzler, do, by these presents, remise, release, quit-claim and forever discharge the said Jacob Hertzler and Michael H. Moore, their heirs, executors and administrators, and the estate of the said John Hertzler, deceased, of and from my full share of the residue and remainder of the estate of the said John Hertzler, deceased; and all interest thereon, except my share of the sum of one thousand dollars distributable at the death of Jacob Henderson, and of and from all actions, suits, payments, accounts, reckonings, claims and demands whatsoever for or by reason thereof, except as to the said sum of one thousand dollars distributable at the death of Jacob Henderson as aforesaid."

We think the auditors erred in this particular, and the report is referred back to them and the court below for correction in accordance with our opinion.

All other assignments of error are overruled and the decree of the court below, except as pointed out, is affirmed.   Costs of this appeal to be paid out of the fund.