Constable's Estate.

510

Argued February 3, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*P. V. Gifford,* with him *R. L. Roberts,* for appellant.— The validity of the appraisement for inheritance tax purposes was not open to objection and should not have been disturbed. The inheritance tax on stock bequeathed to Herbert Constable, and on his specific cash bequest, should have been deducted from his share of distribution and not charged to the executor: Berkowitz v. Mfg. Co., 68 Pa. Superior Ct. 559; Feingold v. Ry., 92 Pa. Superior Ct. 76; Walters v. Bridge Co., 234 Pa. 7; Macneir v. Wallace, 252 Pa. 323.

The court erred in surcharging the executor with interest on the bequest to the cemetery association.

The executor should have been allowed to make proof, before final decree, of the receipt and release of Raymond Sanderson, one of the residuary legatees, and the decree of distribution should have changed accordingly, thereby affecting the award to the four residuary legatees, and the attorney fee allowed the attorney for the exceptants: Hertzler's Est., 192 Pa. 531; Shartel's App., 64 Pa. 25; Graham's Est., 294 Pa. 493; McCullough's Est., 292 Pa. 422; Stone's App., 23 W. N. C. 283.

The accountant should have been allowed the fees claimed by him as additional compensation, in addition to the bequest specified in the will: McCloskey's Est., 2 W. N. C. 114; Guien's Est., 1 Ashmead 317; Lowrie's App., 1 Grant 373.

The direction of the court that both the state and federal inheritance taxes are proper deductions in ascertaining said taxes, is not correct and cannot be worked out.

The executor should not have been surcharged with interest on the items of household goods.

*Frank A. Bliley,* for appellees.—One of four residuary legatees is bequeathed a specific cash legacy which was paid without deduction of the inheritance tax or anything said about it. Said tax should not be deducted from that legatee's share in final distribution made nine years

later: Cox's Est., 193 Pa. 100; Handley's Est., 181 Pa. 339.

Where a will bequeaths a life estate to one and the remainder to others which interests are not appraised separately, the executor should not be allowed credit for payment of the tax: First Nat. Bank v. Bosler, 297 Pa. 7; Merritt v. Poli, 236 Pa. 170; Strouse v. Bard, 8 Pa. Superior Ct. 48; Laukhuff's Est., 39 Pa. Superior Ct. 117; Peck's App., 11 W. N. C. 31; Timney v. Timney, 21 Pa. Superior Ct. 538; Bair & Gazzam v. Hubartt, 139 Pa. 96.

Where a will limits an executor's fees and the executor employs a lawyer who renders, and is paid for, full services in settling the estate, the executor should not be allowed additional fees: Clark's Est., 10 Pa. Dist. R. 378; Miller's App., 53 Pitts. 321; Clauser's Est., 84 Pa. 51; Bradley's Est., 11 Phila. 87.

Where an executor neglects for more than eight years to pay a bequest for the care of a family mausoleum, said funds not being at interest meantime, he should be surcharged with interest: Clauser's Est., 84 Pa. 51.

Where a decedent died prior to Act of 1919 (P. L. 521, section 2), the federal estate tax should be a deduction in the Pennsylvania tax appraisement and Pennsylvania inheritance tax a deduction in the federal appraisement: Belcer's Est., 211 Pa. 615.

Where an accountant takes credit for the value of furniture in excess of what he had to distribute, he may be surcharged with interest on the excess.

OPINION BY MR. JUSTICE SCHAFFER, March 17, 1930:

This is one of the most confusing records which it has been our duty to review for sometime. In one of his seven opinions filed by the judge below who heard the testimony for nine days and argument for two more, he says that the papers filed in the proceeding, which grows out of exceptions to a surviving executor's account, are so numerous that consideration of them is not easy.

With this we agree. He states that he has endeavored to eliminate some things from the printed record so as not to impose on us an unnecessary burden; even so, it comprises more than 700 pages. In the course of the proceeding, he made sixty-one surcharges against the executor. Our endeavor will be to reduce the contentions of the parties to understandable simplicity.

The situation in which the executor, appellant, finds himself is in large measure due to his unwarranted delay in accounting. The decedent died August 10, 1917, and letters testamentary were issued a few days thereafter. Not having filed an account for more than eight years, he was cited to do so in September, 1925. Shortly thereafter he filed one which was imperfect and on April 4, 1927, a supplemental one; so that ten years elapsed before there was a complete offering of the record of his stewardship. In Miller's Case, 277 Pa. 336, 344, we admonished fiduciaries to account promptly. The case at bar illustrates their dilemna when they do not.

Herbert Constable was bequeathed $10,000 by the decedent. The inheritance tax thereon, $500, was paid by the executor, the legatee agreeing to pay the tax on final distribution. The court surcharged the executor with the amount of the tax paid and interest thereon, $285.25. In the schedule of distribution, no deduction was made from the legatee, who was also a residuary, of the amount of the tax paid. We are at a loss in attempting to follow the court's conclusion as to this item of surcharge. The tax should have come out of the legatee. Under the court's ruling, he receives the face amount of the bequest. When the executor paid the tax, he did so in relief of the legatee and the amount should be deducted from the amount finally awarded to him from the residue, and also any interest thereon which the estate would have received on the $500 between the time of payment and distribution. While it is true, as appellee's counsel argues, that it is mandatory on an executor paying a legacy to deduct the tax (Act of May 6,

1887, P. L. 79, 80), this does not mean that if he does not do so, the legatee shall profit at his expense. This provision is in the law to fix the personal responsibility of the executor to the Commonwealth for the tax, if he does not deduct it in making payment to the legatee. What has been said as to this item of surcharge applies in part to the tax paid on another legacy of shares of stock appraised at $8,000. This stock was given to Herbert Constable for life, with remainder to three nephews of the deceased. Appellant paid the tax on the legacy as a whole. He was surcharged with this amount, $400, together with $220.20 interest thereon. The surcharge was wrong as to so much as represents the tax on the life interest alone. On final distribution, the residuary share of Herbert Constable can be charged with this portion of the tax and any interest which the estate lost by its payment. Appellant must, however, be held for the equivalent of the tax on the remainder. His payment of this was gratuitous. The act does not require remaindermen to pay the tax on their interest until they come into possession. Hence this amount cannot be charged against them, nor can the estate be made to pay for it. While the life interest and remainders were not appraised separately, as directed by the act, the court can equitably adjust the tax and interest between the estates in its final decree of distribution.

Appellant was surcharged $198, representing interest on a bequest of $400 made by the decedent to the Erie Cemetery Association for maintenance of a mausoleum, which was not paid until May 12, 1926, the interest being calculated from February 10, 1918, six months after the death of the decedent. The amount of this surcharge was awarded to the residuary legatees. The cemetery association accepted the face of the bequest and made no claim for interest. What warrant the court had for this surcharge we are unable to see. If interest was payable, it should have gone to the cemetery association,

which is not complaining. This surcharge should not have been made.

Complaint is made that appellant was not permitted to make proof of a receipt and release by Raymond Sanderson, one of the residuary legatees, it being contended that had it been received, it would have affected the awards to the residuary legatees under the rule laid down in Hertzler's Est., 192 Pa. 531, that where a legatee entitled to a fractional share in a residue releases his interest to the executor and the executor is surcharged, the surcharge should only be of the other fractional interests. While there may have been some tardiness in bringing forward this release, as the case must go back for further proceedings and for another decree of distribution, we order that the court below shall consider and give effect to the release in finally disposing of the matters before it, under the broad equitable principles which govern appeals from the orphans' court as recognized by the Act of June 7, 1917, P. L. 384, section 22 b, —more liberal than in other cases: McCullough's Est. (No. 2), 292 Pa. 422. The release will affect only the residuary share of Sanderson, and he has not objected to it. Since the awards to the other residuary legatees will in no way be changed if Sanderson gets nothing, they are not prejudiced.

Appellant objects to the action of the court in refusing to award him additional compensation to that provided by the will of decedent, which specifically limits it to $500 by this language, "I hereby appoint Truman O. Andrews and Charles S. Clarke as executors and Miss Harriet Evans as executrix of this my last will and I bequeath to Truman O. Andrews $500.00 and to Charles S. Clarke $1,000.00 as fees therefor." In a prior clause, Miss Evans had been bequeathed "$1,000.00 as executrix's fees." Appellant, Andrews, was a lawyer. He paid to himself additional fees aggregating more than $3,000 for professional services in negotiating a settlement with a woman who claimed to be the common law

wife of the decedent. The court surcharged him with the amount he received and interest thereon. Our reading of the record does not impress us with the merits of this claim for extra compensation. Furthermore, appellant accepted the trust, which he was not required to do. Having accepted it, he was bound by the terms of the will fixing his compensation: Hays's Est., 183 Pa. 296; Fox's Est., 235 Pa. 105. We will not disturb this surcharge.

The court surcharged the appellant with $111.72 and interest $63.33 for failure to submit the federal estate tax as a deduction in arriving at the Pennsylvania inheritance tax and also with $181.67 and interest $103.26 for neglecting to submit the Pennsylvania inheritance tax as a deduction in computing the federal estate tax. These taxes were paid in 1918 and were settled by the proper taxing authorities. No satisfactory reason appears in the opinion of the court below or in the brief of the appellee to support these surcharges. At the time these taxes were fixed in 1917 or 1918, we were in the World War and taxing authorities were solving tax problems in favor of government. There was much doubt in the minds of lawyers generally as to the deductibility of such items. The executor paid what he was called upon to pay and there is no allegation of bad faith in making the payments. We think the court held the lines too rigidly against him in surcharging him with these amounts and they are accordingly set aside.

Appellant claimed credit on distribution for household goods amounting to $540.70 more than the item of household goods as set forth in the inventory. The court surcharged him with this amount, together with $308.07 as interest. It is claimed the allowance of interest was error, since the articles were distributed in kind: Callaghan v. Hall, 1 S. & R. 241; Stewart's App., 110 Pa. 410; Boyer's App., 125 Pa. 164. This contention is erroneous as we understand the record. The interest was not awarded on the household goods, but on the ex-

cess credit taken on the account, which in fact represented so much extra funds in appellant's hands.

Another matter complained of relates to a legacy to Charles A. Gifford of stock in the Youngstown Glass & Paint Company. As to this, appellant in his brief says that while the action of the court as to it was erroneous, it can have no effect on the proceeding. Just why it was thought necessary to lug it into the already complicated situation is not manifest.

The decree of the court below confirming the decree of distribution absolutely is set aside, with directions to open it and enter a decree of distribution in accordance with this opinion; costs on this appeal to be paid, one-half by the appellant and one-half by the estate of E. W. Constable.