## Yeager Estate

Before Sinkler, P. J., Klein, Bolger, Ladner, Hunter and Boland, JJ.

*Edward P. Loughran* and *Thomas A. Galbally*, for exceptant.

*John Stevens*, for *Stradley, Ronon, Stevens & Young*, contra.

HUNTER, J., December 9, 1949.—Exceptant, one of the residuary legatees, objects to the allowance of commissions in excess of the usual rate to two individual executors who were appointed to act with a trust company executor. Testatrix made an agreement in writing with the trust company as to its commissions, and by that and a subsequent writing provided that each of the two individuals should receive the same commissions as the trust company.

The facts of this case are complicated. Testatrix made two wills. By the earlier will of June 19, 1944, she appointed the Fidelity-Philadelphia Trust Co. and her niece Edna Powell Frederick, executors and trustees. The writing fixing the company's compensation was approved by her on October 11, 1944, after the date of the will. She added to her signed approval: "Co-executor to receive fees equal to the corporate executor's fees. Co-trustee to receive fees equal to the corporate trustee's fees."

By a later will, probated as the last will of testatrix, she added a third executor and trustee, C. Middleton Harlan, who had been her business adviser. On June 21, 1946, she wrote to the Fidelity-Philadelphia Trust Co.: "It is my wish and desire that C. Middleton Harlan receive the same commission as executor and trustee of my estate as the Fidelity-Philadelphia Trust Company and Edna Powell Frederick." The will was signed June 29, 1946.

This was liberal compensation, and as found by the auditing judge was in excess of the amount which could be allowed as a deduction in the transfer inheritance tax appraisement. An oral declaration of testatrix was to the effect that "she wanted particularly to

have them (the two individuals) receive that large sum because she had not remembered them in the will in the form of a legacy."

Exceptant, who is one of the residuary legatees, calls attention to the fact that the discussion and correspondence as to the compensation of the two individual executors were between testatrix and the Fidelity-Philadelphia Trust Co., and the record is devoid of any evidence that either of the individual executors had knowledge of the alleged contract. Therefore, exceptant contends, there was no meeting of the minds which is essential to the making of a contract, and the death of testatrix revoked the offer to the two individuals.

Judging from the number of decisions, the courts are more familiar with cases where compensation is fixed by the will itself. Letters testamentary having been accepted by an executor, both he and the legatees are bound by the terms of the will: Lennig's Estate, 53 Pa. Superior Ct. 596; Constable's Estate, 299 Pa. 509.

Cases of nontestamentary writings are few. In Sinnott's Estate, 231 Pa. 299, and Nathans' Estate, 6 Dist. R. 481, the validity of an agreement with a trust company was assumed without question, the controversy being the amount of compensation due coexecutors. In League's Estate, 39 D. & C. 620, an inter vivos agreement was sustained as not being contrary to public policy, and it was further held to apply to a later will which appointed the same executor.

These cases throw no light on the present controversy—whether a writing delivered to one executor may be enforced by coexecutors who had no knowledge of it.

A contract fixing the commissions of an executor is peculiar to decedents' estates, in that it is to be performed after death by the executor who derives his

authority from a testamentary writing. A testator may revoke his will, or consume or dispose of the property in his lifetime. We feel free, therefore, to apply only those principles of the law of contracts which are appropriate to such a situation.

It is not our purpose in this opinion to lay down general rules of law. Our opinion is, in the case at hand, where an executor was not aware of the existence of a writing fixing his compensation, that it operates as an offer which he may accept by the taking of letters testamentary, or refuse by renunciation of the executorship. We thus assimilate this writing, made in the lifetime of testatrix, to a testamentary writing which fixes the compensation of an executor. We reject the contention of exceptant that it was revoked by death.

The auditing judge sustained the rights of the two executors on the ground that a person for whose benefit other parties make a contract, can enforce the terms of such contract, citing Copeland's Estate, 313 Pa. 25; A. L. I. Restatement of the Law of Contracts §133. In view of our disposition of this matter it is not necessary for us to discuss the auditing judge's ruling with respect to the application of the third party beneficiary rule. The compensation of the trust company was separately fixed by testatrix, and the "same" or "equal" compensation was provided for the others. The company made no contract as to the compensation of the other executors, but was merely custodian of the writings which fixed the latters' compensation. The company made no gift to the others, and conceded no right of its own. The generosity flowed from testatrix herself. This is particularly true as to the third executor, C. Middleton Harlan, whose commissions were fixed two years after the original writing.

We agree that the adjudication is correct in the allowance of the compensation, and will dismiss the exceptions for the reasons given in this opinion.

So far as concerns the trust company, there can be no valid objection to its compensation. There was a clearly expressed contract between testatrix and the company, which was confirmed when she made her second will, and not having been changed by either party is a legal enforcible contract: League's Est., supra.

We have reviewed the rulings of the auditing judge as to the admission of evidence, and his findings as to the amount of compensation deductible for transfer inheritance tax purposes, and the charging of the tax to residuary estate. We find no error therein.

The exceptions are dismissed and the adjudication is confirmed absolutely.