## Finley Estate

*High, Swartz, Flynn & Roberts*, for accountant.

*Harry J. Alker, Jr.*, for legatee.

*Paul P. Wisler*, for Commonwealth.

HOLLAND, P. J., September 20, 1951.—The reason or purpose of the filing of the account now before the court is the death of Harry McGlathery, the life bene-

ficiary. He died on December 5, 1950, and his death ended the trust. Letters of administration on the estate of Harry McGlathery, or Harry W. McGlathery, have been issued to D. Rae Boyd by the register of wills of this county.

Sarah Louisa Oakford, the legatee in remainder, survived testatrix. She died on November 21, 1947, and letters testamentary on her estate were granted by the Surrogate of Camden County, N. J., to Walter Oakford, the executor therein named.

The account shows a balance of principal of the trust of $1,759.45, and a balance of income for distribution of $30.60.

The Commonwealth claims that there is transfer inheritance tax due in the sum of $80. This is the tax at the direct rate upon sums totalling $4,000 distributed to testator's widow during her lifetime under authority given the trustee by the terms of the trust for her of one half of testator's estate. In 1944, upon the widow's death, tax at the collateral rate of 10 percent was paid on the balance of the principal, which constituted the remainder of the widow's trust, upon the basis of the declaration submitted by the trustee. The declaration included only the balance in the trustee's hands at that time, and did not include the $4,000 which had been paid the widow in distribution, although items making up that sum appeared as credits in distribution in the trustee's account under the various dates when the payments had been made. The tax on this $4,000 has, therefore, never been paid, although the usual certificate of the register of wills was submitted at the audit of the account of the trustee of the widow's trust in 1945, stating that the transfer inheritance tax had been paid in full.

By the adjudication upon the widow's trust, the sum of $2,000 was awarded to the accountant as trustee of the trust now before me, and the residue of the princi-

pal of that trust for the widow was awarded to the legatee entitled thereto, Sarah Louisa Oakford, who was then living. Sarah Louisa Oakford had a vested interest in the remainder of this trust. She died in 1947, a resident of the State of New Jersey, in the lifetime of Harry McGlathery, the beneficiary of this trust, and the corpus is to be awarded to her personal representatives appointed in the State of New Jersey.

Counsel for the accountant and counsel for the executor of Sarah Louisa Oakford, deceased, object to the claim of the Commonwealth for the following reasons: (1) The tax has been finally adjudicated, and full receipt given. This was done at the time of the prior account and adjudication in 1944. The account itself discloses these payments of $4,000 and if a tax was due on that $4,000, it should have been collected at that time, and it is now too late to demand the tax; (2) it should not come out of this particular $2,000 fund as that was awarded in 1944 as a specific trust for Harry McGlathery. If any tax was due, or is due, it was due on the other funds, which have been distributed to the beneficiaries entitled under the proper order of the court.

It must be borne in mind that this is not a case of the Commonwealth's seeking to open an appraisement of an asset on which the tax has been previously assessed and paid. It is a case of original assessment of an asset that was not declared or disclosed by the trustee for the purpose of having the tax assessed. As to such an asset the Commonwealth cannot be concluded under any circumstances. The tax statute places the duty upon the fiduciary, at penalty of its individual liability, to declare all of a decedent's estate for the purpose of having the tax fixed, paying the tax, and deducting it from the legacies or distributive shares before they are paid to the legatees (Constable's Estate, 299 Pa. 509, 514 (1930) ), and failure of the register of wills to claim

the tax at the audit of decedent's estate does not bar the Commonwealth from subsequently proceeding against the fiduciary personally for payment of the tax: Pfeiffer's Est., 20 D. & C. 159 (1933).

The failure of the trustee to discharge this obligation resulted in overpayment to Sarah Louisa Oakford of the amount of the tax. The Commonwealth was not obliged to search the account filed by the trustee in 1945 to discover this taxable asset. It was the duty of the trustee formally to declare it for assessment and payment of the tax, and to deduct the tax from the principal of the trust for the widow before paying it to Sarah Louisa Oakford. However, as this was not done, and Sarah Louisa Oakford was thereby overpaid, it would be inequitable to permit her personal representative to receive the principal of this trust without deduction of the overpayment which she received. I, therefore, award the tax of $80 to the register of wills and direct that it be deducted from the balance of principal as shown by the account.

Out of the balance of principal there is awarded to the register of wills transfer inheritance tax in the sum of $80 as claimed, and the remainder of principal is awarded to Walter E. Oakford, executor under the will of Sarah Louisa Oakford, deceased.

Out of the balance of income for distribution there is awarded to D. Rae Boyd, administrator of the estate of Harry W. McGlathery, deceased, income accrued to the date of death of Harry W. McGlathery, $29.19, and the remainder of the income is awarded to Walter E. Oakford, executor under the will of Sarah Louisa Oakford, deceased.

The account is confirmed, and it is ordered and decreed that Montgomery Trust Company, testamentary trustee, as aforesaid, forthwith pay the distributions herein awarded.

170

And now, September 20, 1951, this adjudication is confirmed nisi.