## Goodhart Estate

*William R. Mark,* for accountant.

*Landis & McIntosh,* for exceptant.

*Tom H. Bietsch,* contra.

JACOBS, J., August 5, 1957.—C. Anson Goodhart died February 17, 1939, leaving a will whereby, inter alia, he gave the net income of his estate to his wife, Ida May Goodhart, during her natural lifetime and then provided as follows:

"Fourth: After the death of my said wife, I give and bequeath the said income of my estate, whatsoever and wheresoever, share and share alike to my three children, namely Florence Irene Meredith,

Charles Marion Goodhart and Wilbert Emig Goodhart, during their natural lifetime, and after the death of my said three children, I give and bequeath their share to their surviving children such amount as may be left of said shares absolutely."

He appointed his three children to be the executors of his will and letters testamentary were issued to the three children by the register of wills in Cumberland County on March 15, 1939. By a paragraph in his will preceding the one in which he appointed his executors he appointed Martha Jane Brown to act as treasurer for his executors and further directed "that my hereinafter named executors shall serve without compensation."

When C. Anson Goodhart died he was survived by his aforementioned wife, and three children, and also by the following grandchildren: Martha Jane Brown Beedle and Berk Blaine Meredith, Jr., children of Florence Irene Meredith, Anson Rider Goodhart and Virginia Gertrude Goodhart, children of Charles Marion Goodhart, and Wilber Edward Goodhart, Winifred Kathleen Goodhart Mills and Ursula Joan Goodhart Griswell, children of Wilber Emig Goodhart (incorrectly designated as Wilbert in the will).

Ida May Goodhart, wife of testator, died February 18, 1953, and Florence Irene Meredith, one of the children, died January 26, 1955, survived by her above mentioned two children.

On June 27, 1955, by order of this court, Charles Marion Goodhart and Wilber Emig Goodhart were removed as surviving executors of the will of C. Anson Goodhart, deceased, and letters of administration d.b.n.c.t.a., were issued to the First National Bank of Shippensburg. In said order of court the surviving executors were directed to prepare and file an accounting. The surviving executors filed their first and par-

tial account on August 21, 1956. Numerous exceptions were filed to this account, and on October 9, 1956, George B. Stuart, Esq., was appointed auditor to dispose of the exceptions and to make distribution of income and principal.

Charles M. Goodhart filed exceptions to the auditor's report. He objected to the finding of the auditor that he, Charles M. Goodhart, was not entitled to compensation for his services as executor and in preparing the account filed. He also objected to the conclusion of the auditor that the remainder interests of Martha Jane Brown Beedle and Berk Blaine Meredith, Jr., children of Florence Irene Meredith, deceased, are vested rather than contingent and the further conclusion that Martha Jane Brown Beedle and Berk Blaine Meredith, Jr., are presently each entitled to a one-sixth share of the income accrued from the date of their mother's death and also a one-sixth share of the principal of the estate immediately. We will discuss first the problem of compensation for the executor, Charles M. Goodhart, and secondly the problem of distribution.

An executor is not required to accept his appointment, but having done so he is bound by the terms of the instrument appointing him as to his compensation: Hays' Estate, 183 Pa. 296; Constable's Estate, 299 Pa. 509; Kennedy Trust, 364 Pa. 310.

Charles M. Goodhart relies on Good's Estate, 150 Pa. 301, as authority for allowing him commissions. In the Good case additional compensation was allowed by the auditor on the ground that the words in the will limiting compensation were not imperative and the fund being a trust fund the trustee was entitled to a commission outside of his executorship. In the instant case the direction to serve without compen-

sation is imperative and the trust was readily discernible at the time the appointment was accepted. In Hays' Estate, above cited, the Supreme Court said:

"We held in Shippen v. Burd's Executors, 42 Pa. 461, under a will which prescribed the method and the extent of the compensation which was to be received by the executors for all the services to be performed by them, the executors were bound by the provisions of the will in this respect. There was a trust to be executed in relation to certain real estate, and as to this the executors claimed additional compensation because they were acting as trustees which was a service outside of their duties as executors. But we held that although this was a trust the executors were bound to execute it as executors, and it was therefore a part of their duty as executors, and the compensation provided for them as executors must be regarded as conclusive upon them as to all duties which devolved upon them in the execution of the will."

We are unable to find any unusual or extraordinary requirements imposed on the executors in this estate which would take this case out of the general rule that an executor is bound by the compensation fixed in the will. The testimony of Charles M. Goodhart in his own behalf shows that he helped to prepare the accounting. Preparing an accounting was certainly a normal function of an executor which had not been done by the executors until they were ordered by the court to make an accounting. Raymond W. Lemaster, a business man in Shippensburg, and former State inheritance tax appraiser, was employed by the estate to prepare the accounting. This he did with the assistance of Charles M. Goodhart. Mr. Lemaster received $410 for his services, services which were properly part of the function of the executors. Certainly the filing of an account was one of the tasks which Mr.

Goodhart knew he would have to perform at some time when he accepted the trust.

In the Estate of Alfred Douden, deceased, 25 Dauph. 481, the will provided:

"I . . . appoint William Douden . . . , co-executor of this my last will and testament, he to serve without compensation."

In disposing of William Douden's request for compensation as such executor, the court said, page 485-486:

"In the settlement of this estate nothing has arisen except those circumstances contemplated by the will. There were no extraordinary requirements. . . .

"We are of the opinion that the executor having accepted the trust with full knowledge of the provisions of the will, that he was not to receive compensation for his services, undertook at the time to give his services gratuitously, and he cannot now ask for compensation; but is estopped from so doing."

We conclude that Charles M. Goodhart is not entitled to any compensation for his services to the estate.

In the matter of distribution we do not need to discuss whether the remainder interests of Martha Jane Brown Beedle and Berk Blaine Meredith, Jr., children of deceased life tenant, Florence Irene Meredith, are vested or contingent because it was admitted by all parties concerned at the argument that the same are vested. However, even if their remainder interests are vested, when do they come into possession? Certainly their interests would come into possession immediately upon the death of their mother, Florence Irene Meredith, one of the life tenants, unless there is something to show that the entire estate was to be held together for the purpose of paying income to the two surviving life tenants and finally the one surviving life tenant. If the three children of C. Anson Goodhart became

joint tenants with the right of survivorship for life in the income of his estate, then the surviving life tenants would be entitled to all of the income until the death of the last survivor when the principal would be distributed to their children, including the one-third share being now sought by Martha Jane Brown Beedle and Berk Blaine Meredith, Jr. If, however, the three children took the income for life as tenants in common the interest of one in the income would cease upon his death and instead of passing to the surviving life tenants would pass to his children.

Whether or not a joint tenancy with the right of survivorship exists is now controlled by the Act of March 31, 1812, P. L. 259, 20 PS §121. As stated for the Supreme Court by Mr. Justice Jones, now Chief Justice Jones, in Isherwood v. Springs-First National Bank, 365 Pa. 225, at 229:

"While the Act of March 31, 1812, P. L. 259, 5 Sm. L. 395, Sec. 1, 20 PS §121, merely limits the legal presumption of survivorship theretofore attending a joint estate and '. . . the freedom of the parties to provide by agreement or otherwise that the right of succession, which existed previous to the act, should apply' remains unrestricted, '. . . the question [of survivorship as an incident of a joint estate] is now one of intent, and . . . [it is] necessary . . . that the intent be expressed with sufficient clearness to overcome the presumption arising from the statute'."

This presumption, namely that survivorship is not intended, applies to personal property as well as real estate. See Teacher v. Kijurina, 365 Pa. 480; and it also applies to grants of income. See Wright Estate, 348 Pa. 76.

Therefore, in interpreting the will we are faced with the presumption raised by the Act of 1812 that survivorship was not intended. Is it possible to gather

enough from the four corners of C. Anson Goodhart's will to overcome this presumption?

The most cogent argument in favor of a joint tenancy in the income comes from the words in the fourth paragraph above quoted "after the death of my said three children."

In the case of Appeal of Pennsylvania Company, etc., 20 W.N.C. 41, in the Supreme Court of Pennsylvania (1887), a very similar provision of a will was construed as not giving the right of survivorship. In that case testator gave his residuary estate in trust:

" '. . . to pay over the net income and profits thereof to my wife, Martha H. Taws, during all the period of her natural life, and . . . after her death then in further trust to pay . . . the . . . net income and profits unto my two daughters, Madeline . . . and Mary . . . , to be equally divided between them share and share alike, during all the period of their natural lives. . . . From and immediately after the death of my said two daughters, I give, devise, and bequeath all of my said residuary estate, both real and personal, unto the child or children respectively of my said two daughters. . . .' "

It should be noted in the Appeal of Pennsylvania Company case that the net income was given to his two daughters "to be equally divided between them share and share alike, during all the period of their natural lives", and in the case now before the court testator gave and bequeathed the income of his estate "share and share alike to my three children, namely, Florence Irene Meredith, Charles Marion Goodhart, and Wilbert Emig Goodhart, during their natural lifetime." In the case of Appeal of Pennsylvania Company, cited above, by a codicil to his will, testator noted that he held in trust a house and lot worth $20,000 for his daughter Madeline, and provided:

" 'I do order and direct that the said house and lot shall be taken as, and understood to be, an advancement of that amount to my said daughter Madeline, and her children in property or money or either, and that the share of my daughter and her children under the residuary clause of my will shall be charged with the amount of the said advancement in the settlement and distribution of my estate . . .'."

In the C. Anson Goodhart will, under unnumbered paragraph nine, testator provided:

"In case any of my children loses his health or mind or named he or she, after the death of my said wife, can if the income of said share is not sufficient for his or her maintenance draw on his or her share of the principal at such time or times as is absolutely necessary."

While no will is brother to another and no case is an exact precedent in a will case, nevertheless the similarity between the instant case and the Appeal of Pennsylvania Company case is striking and in our opinion the reasoning of the court in the Appeal of Pennsylvania Company case is applicable in interpreting C. Anson Goodhart's will.

In the Appeal of Pennsylvania Company case, Mary predeceased her mother, and in holding that distribution did not have to await the death of Madeline, the mother having died, the court said:

"If the theory of a joint tenancy is in any sense compatible with a gift of the income to the two daughters 'to be equally divided between them, share and share alike, during all the period of their natural lives,' followed by a gift of the principal to 'the child or children respectively of my said two daughters,' it is certainly destroyed by the after direction that the sum of $20,000.00 shall be taken to be an advancement to one of the daughters, 'and that the share of

my daughter and her children under the residuary clause of my will, shall be charged with the amount of the said advancement.' In all this there is not only no hint of a joint tenancy with its incident of survivorship, and, still less, of a *per capita* distribution; but there is, on the contrary, a distinct recognition of two shares in the first takers and of two classes of remainder-men."

The court in the Appeal of Pennsylvania Company distinguishes Jones v. Cable, 114 Pa. 586, cited by exceptants to the Goodhart audit, because the gift in the Jones case was a gift of an undivided share. The Supreme Court also cited Affolter v. May, 115 Pa. 54, as a case supporting a share in severalty for life where a divided gift was given.

It therefore becomes apparent from an examination of C. Anson Goodhart's will that it was his intention that each child have a share in the income rather than an undivided interest in the whole. This is shown in unnumbered paragraph nine of his will when he refers to the children's interest as "his or her share of the principal."

All of the cases cited by exceptant can be distinguished from the case at hand on the ground either that they were grants of an undivided interest in the whole or were cases where the intention to show survivorship was clearly expressed in the will itself.

We hold that the three children of C. Anson Goodhart were entitled to the income from his estate as tenants in common and not as joint tenants with the right of survivorship.

*Order*

And now, August 5, 1957, at 8:45 a.m., the exceptions to the auditor's report are dismissed and the auditor's report is confirmed absolutely.