# Spangler's Estate.

1. Where an executor or other trustee settles his accounts in Court with undue frequency, the remedy is for the Court to impose the costs on him.

2. Where one-third of the residue of an estate is bequeathed to be invested by the executors who are to pay the interest to the widow during life, the executors are entitled to compensation out of *the income* for their services in administering the fund.

3. All kinds of trustees are entitled to a reasonable compensation for their services as they are rendered, and, unless a contrary intention appear, the compensation must come out of *the income* of the fund with which they are intrusted.

Solliday *v.* Bissey, 2 *Jones* 347, commented on.

APPEAL from the Orphans' Court of *York county*, in the matter of Charles Weiser's account as testamentary trustee of Catherine A. Spangler.

In 1843 Jacob Spangler died, having made his will, in which he appointed Charles Weiser and Herman Alricks, the executors. Weiser appears to have been the acting executor, and in 1844, '46, and '47, he settled his accounts as executor, and received the usual allowances. The account of 1847 seems to be a full settlement of all the assets to which the executors were entitled, and shows the amount to be invested for the legatees or paid to them in pursuance of the will.

The provision in the will in favor of the widow, the appellant, is as follows: "My wife Catherine shall have the interest of the dower-fund or third part of the whole; the real estate when sold shall be subject to my wife's dower-fund, which shall be lien on the same, except the land which is to be sold in lots to be free of the dower-fund as mentioned in the within parts of my will, which said interest shall be paid my said wife annually, during her natural life or widowhood, which said dower-fund shall be vested

out on good real estate, and the other two-thirds of my real and personal estate shall be equally divided amongst all of my children, share and share alike, my son Jacob to account for the two-thirds of the valuation of his land, as hereinbefore mentioned, provided he accepts it."

After the death or marriage of the widow the fund was to be divided equally among the children.

On July 19, 1852, the said Charles Weiser exhibited in the register's office an account of the fund held for the benefit of the widow, charging himself merely with the interest due to Mrs. Spangler, and taking credit for the moneys expended on her account. The Court below, PEARSON, J., allowed him his costs on that settlement, and three per cent. commission for his services, out of Mrs. Spangler's share of the fund; and these allowances were the matters complained of here.

*Chapin*, for the appellant, argued that the last account was unnecessary, as it consisted of interest only ; and relied upon Richardson *v.* Richardson, 9 *Barr* 431; Com'th *v.* Barnitz, 9 *Watts* 522; Shenks' Account, 5 *Id.* 84; Clauser's Estate, 1 *W. & Ser.* 214. To show that the accountant was not entitled to commissions out of the widow's annuity, he cited Solliday *v.* Bissey, 2 *Jones* 347; Brinton's Estate, 10 *Barr* 408.

*Durkee*, for appellee, claimed the benefit of the general rule as to compensation to trustees, and insisted that the case of Solliday *v.* Bissey was an anomalous exception ; and that it was unreasonable that the children should pay for taking care of the income for the widow.

*Chapin*, in reply.—He contended that the widow was to get the fund without diminution; that the executor was entitled to compensation, but that it was to come out of the estate.

The opinion of the Court was delivered by

LOWRIE, J.—The costs of this proceeding are objected to on the ground that the accountant had no right to settle such an account in Court, since he had no account to render, except of the interest accruing on the fund and of his payments to the beneficiary. And is not this enough ? She had a right to demand an account from him in the Orphans' Court, and his right to a settlement there was no less. If a trustee unduly multiplies such accounts, the remedy is for the Orphans' Court to impose the costs on him; and this Court will not be very free in interfering with the discretion exercised by the Orphans' Court in such a matter. If this account was improperly filed with the register, instead of the clerk of the Court, this has done no harm.

[Spangler's Estate.]

It is further objected that, in such a case as this, an executor or testamentary trustee ought not to be allowed compensation, at least not out of the widow's income; and the case of Solliday v. Bissey, 12 *State R.* 347, is cited as sustaining this objection in its broadest sense; and it seems to do so. But it must have been by some oversight that this Court, on that occasion, adopted the views of the Court below. It surely was not intended to say that charity in a trustee is matter of legal duty, or that either an executor or trustee is bound to administer the funds committed to him without compensation. It is more probable that the Court meant to say no more than that a legacy of the annual income of a certain fund, is intended to be certain, like to a definite legacy, and not chargeable with the expense of administering the fund. It may be also that there was something special in the form of the bequest.

The fund in this case was uncertain at the time of the bequest, being one-third of the residue of the testator's estate, which has been converted into money, and invested in pursuance of the will, which directs that the interest, that is to say the income, shall be paid to the widow during her life, and after her death the principal is to be divided among the children. The other two-thirds of the residuary estate was bequeathed to the children.

There is nothing to indicate that the expense of administering the fund was to await the death of the widow and then come out of the principal, or that the widow was to get the income clear of the expense of administering it. It must, therefore, come out of the income, and there is no shadow of reason for saying that an executor, acting as trustee after the general estate has been settled, is entitled to no compensation for investing and managing the trust funds remaining in his hands, in carrying into effect the trusts of the will. All trustees are entitled to a reasonable compensation for their services as they are rendered, and, unless a contrary intention appear, the compensation must come out of the income of the fund with which they are intrusted.

Decree affirmed at the costs of the appellant.