## Culbertson's Appeal.

Where an administrator by agreement of all the parties in interest is permitted to retain a fund for a number of years, to pay over the income to the widow of the decedent and upon her death to his heirs, upon the determination of this trust by decree of court the administrator is entitled to reasonable compensation for services rendered as such trustee.

May 15th 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Appeal from the Orphans' Court of *Cumberland county:* Of May Term 1877.   No. 206.

The facts were these.  John Culbertson died in 1850, intestate, leaving a wife, Hannah, and six children.   After the payment of the decedent's debts there was a balance of money, arising out of the sale of his real estate, left for distribution among the widow and children, and by a settlement made between the administrators, the widow and the children, part of said balance viz., $2424.50, was set apart for the benefit of the widow, to remain in the hands of William Culbertson, one of the administrators, who was to pay the interest thereon annually to the widow during life and the principal after her death to the heirs of John Culbertson.   He regularly paid the interest until April 1st 1874.

On the 7th of June 1871, the widow and all the children of John Culbertson, deceased, united in a petition to the Orphans' Court, setting forth that the estate of the decedent had been settled, except as to the said $2424.50, which they had agreed should be paid unconditionally to the said widow upon giving William Culbertson a proper release, which payment he refused to make, and asking that a citation might issue to him to show cause why he should not pay over said fund.   Culbertson answered that he refused on the ground that the trust had not legally expired, that it was for the best interest of the widow that it should be maintained and that she was incompetent to execute a release.   The case was referred to an auditor, who reported that the trust should be determined and the money paid over, but the Orphans' Court, on the 20th June 1873, overruled this report and refused to decree the determination of the trust.

From this decree an appeal was taken, and the Supreme Court reversed the Orphans' Court and entered an order May 14th 1874, " that the record be remitted with instructions to the court to decree a determination of the trust and payment of the fund to the appellant upon the execution by her and by the heirs of the proper releases to the administrator."   (See Culbertson's Appeal, 26 P. F. Smith 145.)

These were filed and upon petition of the widow. the Orphans' Court, on the 9th of June 1874, in compliance with this order, decreed that the trust was determined and that the specific sum,

$2424.50, with interest thereon from April 1st 1874, should be paid by the trustee to the widow. On a failure to pay over the fund an attachment issued when a partial payment was made, and upon a second attachment issuing to enforce the payment of the balance the trustee filed an account of the trust and claimed credit for·commissions, attorney fees and costs.

To this account exceptions were filed denying the right of the trustee to said commissions as claimed, both because a decree had already been made for a specific amount and because the credits claimed were illegal and excessive. The account and exceptions were referred to an auditor, Lemuel Todd, Esq., who informed the parties that in his judgment the decree of the Orphans' Court was conclusive and suggested an application to the court to modify the same, which, when made, was refused. The auditor then reported that if the question of attorney's commissions were an open one he would consider it to be his duty to allow reasonable commissions, but in his opinion the decree of the Orphans' Court was binding upon him and he had no power to go behind and make any allowance that would reduce the specific sum therein named to be paid over to the widow, and he therefore sustained the exceptions and reported accordingly.

The report was confirmed by the court and from this decree William Culbertson took this appeal.

*W. H. Miller*, for appellant, contended that the trustee was entitled to commissions, and cited Lukens's Appeal, 11 Wright 357; McCauseland's Appeal, 2 Id. 467; Spangler's Estate, 9 Harris 335; Heckert's Appeal, 12 Id. 482.

*F. F. Beltzhoover*, for appellee.—The compensation of a trustee is within the discretion of the court: Berryhill's Appeal, 11 Casey 245; Duval's Appeal, 2 Wright 112; Ex parte Cassel and Spayd, 3 Watts 443; Swartswalter's Account, 4 Id. 79; Witman and Geisinger's Appeal, 4 Casey 378; Raybold *v.* Raybold, 8 Harris 308; Dyott's Estate, 2 W. & S. 566; Stehman's Appeal, 5 Barr 414; Say's Ex'r *v.* Barnes, 4 S. & R. 116; Dawson *v.* McGill, 4 Whart. 240; Drysdale's Appeal, 2 Harris 537; McCahan's Appeal, 7 Barr 59; Bell's Estate, 2 Pars. 200; Pusey *v.* Clemson, 9 S. & R. 209; Walker's Estate, Id. 225; Stevenson's Estate, 4 Whart. 104; Nathans *v.* Morris, Id. 339; Shunk's Appeal, 2 Barr 307.

This discretion having been exercised· in the decree of the 9th of June 1874, and no commissions having been allowed, it cannot be revised and corrected.

Mr. Justice MERCUR delivered the opinion of the court, October 1st 1877.

[Culbertson's Appeal.]

The present contention arises under the decree made in Culbertson's Appeal, 26 P. F. Smith 145. That decree should be interpreted in view of the facts there presented as well as by the language of the decree.

The facts show there had been no settlement in the Orphans' Court of the administrator's final account. After the payment of debts, a certain sum remained in his hands; by an agreement of all the parties interested, he was suffered to retain this fund. The interest thereon was to be paid to the widow during her life, and upon her death, the principal to the heirs of the decedent.

In the former case the only question was, whether the administrator should be compelled, by the concurring agreement of the widow and all the heirs, to pay over the fund during the life of the widow. That was the only question in issue and considered by the court below or by this court on the appeal. No controversy then existed as to the definite sum to be paid nor as to the right of the administrator to demand compensation for his services.

In the former decree we instructed the court "to decree a determination of the trust and payment of the fund." The decree mentions no specific sum. It was so ordered in view of the fact that the administrator had made no final settlement. It purposely left to the court below the ascertainment of the sum to be paid. This necessarily involved a settlement of the account, and a consequent allowance of such compensation as was just and proper under all the circumstances. As a general rule, all trustees are entitled to a reasonable compensation for services rendered. We see nothing in the fact that this fund came to the hands of the appellant as administrator, and he retained it under the subsequent agreement to take it out of the general rule allowing compensation. The former decree in nowise precluded a just allowance. It merely ordered the sums, which otherwise would have been paid to the widow and heirs, to be now paid to the widow alone. Such compensation, as in the opinion of the court the appellant is entitled to, should be deducted from the whole sum, and he be required to pay over the residue. Whether the compensation shall come out of the interest, or out of the principal fund, is unnecessary now to decide. Inasmuch as all the parties interested in the fund desire both principal and interest to be paid to the same person, the court is not required to ascertain the relative rights of the widow and the heirs. Its whole duty will be performed in ascertaining the sum due from the appellant and in decreeing it to be paid over to the widow. The learned judge misapprehended our former decree, and consequently the just rights of the appellant were denied in the decree of the court below. It must be reversed.

Decree reversed at the costs of the appellee, and record remitted for further proceedings.