Charles J. Pfeiffer, Administrator of Anna K. Kalbfell, deceased, *v.* The Safe Deposit and Trust Company of Pittsburg, Administrator, d. b. n. c. t. a. of the estate of John Kalbfell, deceased, Appellant.

*Husband and wife—Property of wife in the hands of husband—Evidence.*

In an action against the husband's administrator by a wife's executor to recover money of the wife, a verdict for the plaintiff will be sustained where the evidence tends to show that the wife had a separate estate at the time of her marriage; that the husband collected the wife's money from her debtors, and that the wife had on a number of occasions demanded from her husband a mortgage or judgment to secure her money, and there was no evidence that he had ever paid over to her the money collected.

Argued Oct. 25, 1897. Appeal, No. 37, Oct. T., 1897, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. Term, 1894, No. 241, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover money alleged to have been loaned by a wife to her husband. Before MAGEE, J.

At the trial the evidence for plaintiff tended to show that in 1884, John Kalbfell married Anna K., the widow of Jacob Pfeiffer, deceased, and that Mrs. Kalbfell had received $3,000 from her first husband's estate. At various times between 1884 and 1893, Kalbfell collected from his wife's debtors about $2,800. There was no evidence that he ever paid these amounts to his wife, and it affirmatively appeared that she had on a number of occasions demanded from him a mortgage or judgment to secure her money.

The defendant presented the following points :

The evidence offered on behalf of plaintiff does not show that Mrs. Kalbfell loaned her husband money, and the verdict should be for defendant. *Answer :* This point is refused. [1]

The evidence fails to show what sum, if any, was given by Mrs. Kalbfell to her husband, and without such evidence the plaintiff cannot recover. *Answer :* This point is refused. [2]

Under the pleadings and evidence the verdict should be for defendant. *Answer :* This point is refused. [3]

Verdict and judgment for plaintiff for $3,540.  Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Richard B. Scandrett*, with him *J. McF. Carpenter* and *Alex. Gilfillan*, for appellant, cited, Hauer's Est., 140 Pa. 420; Eavenson's App., 84 Pa. 172.

*C. C. Dickey*, with him *John S. Lambie*, *George Shiras 3d* and *W. K. Shiras*, for appellee, cited, Hamill's App., 88 Pa. 363; Reber's App., 143 Pa. 308.

PER CURIAM, November 8, 1897:

The only assignments of error are to the refusal of the learned trial judge to affirm defendant's first, second and third points for charge, in each of which he was requested to give binding instructions in favor of the defendant and thus, in effect, withdraw the case from the consideration of the jury.  In view of the evidence properly before the jury this could not have been done.  It presented questions of fact which were properly for their consideration and determination.  The case was accordingly submitted to them with instructions of which the defendant is not here complaining, and a verdict for plaintiff was rendered.  There is nothing in the record to justify a reversal of the judgment entered on that verdict.

Judgment affirmed.