In re Estate of Robert S. Hays, deceased. Appeal of Charles Hays and William H. Hays, Executors.

*Executors and administrators—Compensation fixed by will.*

Where an executor accepts the office with knowledge of a provision in the will fixing his compensation, he is ordinarily bound thereby.

Testator directed as follows: " To each of the executors of this my last will and testament, I bequeath the sum of one thousand dollars, as and for compensation for their services as such executors." The estate was of such a size that commissions at three per cent would have amounted to nearly $18,000. *Held,* that the two executors were entitled to only $1,000 each.

Argued Oct. 29, 1897. Appeal, No. 120, Oct. T., 1897, by Charles Hays and William H. Hays, Executors, from decree of O. C. Allegheny Co., Dec. T., 1896, No. 56, dismissing exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

At the audit the executors claimed as compensation, $17,761.94, which was three per cent of the inventory value of the estate.

The will directed as follows: " To each of the executors of this my will and testament, I bequeath the sum of one thousand dollars, as and for compensation for their services as such executor."

The auditing judge, OVER, refused to allow more than $1,000 to each of the executors.

Exceptions to the adjudication were overruled.

*Error assigned* was in overruling exceptions to adjudication.

*William R. Blair*, for appellants.—An executor being entitled by law to a reasonable sum, an express contract to receive less must be shown (assuming such a contract to be lawful), and the mere undertaking of the office of executor is not an election to accept this provision of the will: McKim v. Duncan, 4 Gill, 72; State v. Baker, 8 Md. 49; Handy v. Collins, 60 Md. 229; Story's Eq. Jurisprudence, sec. 1098; Pomeroy's Equity Jurisprudence, sec. 513; Keiser's App., 69 Pa. 194; Wilson v. Wilson, 3 Binney, 557; Guien's Est., 1 Ashm. 317; Good's Est., 150 Pa. 301; Raines v. Raines, 51 Ala. 237.

A contract, even if voluntarily entered into between the executors and legatees, providing a stipulated compensation for the executors' services, will be held void as against public policy, because in the nature of a traffic in a public office : Cunningham v. Cunningham, 18 B. Mon. 19; Ellicott v. Chamberlin, 38 N. J. Eq. 604; Bowers v. Bowers, 26 Pa. 74; Porter v. Jones, 52 Mo. 399; Greenfield's Est., 14 Pa. 489; Darlington's App., 86 Pa. 519; Darlington's Est., 147 Pa. 624; Gould v. Fleetwood, 3 P. Wms. 251; Ayliffe v. Murray, 2 Atk. 58.

*Kirk Q. Bigham*, for appellees, was not heard, but cited in his printed brief, Guien's Est., 1 Ashmead, 317; Shippen v. Burd, 42 Pa. 466; Bartolet's Appeal, 1 Walker, 77; Harper's App., 111 Pa. 243; Good's Est., 150 Pa. 301; Allen's Est., 125 Pa. 544; Price's Est., 7 Montg. Co. Law Reps. 35; Nathan's Est., 6 Dist. Rep. 482; 3 Williams on Executors, 436; Mulligan's Est., 157 Pa. 98: McCawley's Est., 14 W. N. C. 260; Frishmuth's Est., 34 W. N. C. 427.

OPINION BY MR. JUSTICE GREEN, November 10, 1897 :

We held in Shippen v. Burd's Executors, 42 Pa. 461, under a will which prescribed the method and the extent of the compensation which was to be received by the executors for all the services to be performed by them, the executors were bound by

the provisions of the will in this respect.   There was a trust to
be executed in relation to certain real estate, and as to this the
executors claimed additional compensation because they were
acting as trustees which was a service outside of their duties as
executors.   But we held that although this was a trust the exec-
utors were bound to execute it as executors, and it was there-
fore a part of their duty as executors, and the compensation pro-
vided for them as executors must be regarded as conclusive
upon them as to all duties which devolved upon them in the
execution of the will.`   We said, " Executing the trust was but
executing the will, and for this we have seen that provision was
made in express words by the testator for the payment of com-
missions ' occurring for additional services to be rendered by
them (the executors) in executing my will and codicils.'   The
intention of the testator, we think, is clear that for these ser-
vices the executors are to be paid out of the estate and not by
the devisees."   The fundamental principle upon which this
decision was based was that the executors having accepted their
office under the will were bound by its terms in respect of the
compensation they were to receive as such.

In Harper's Appeal, 111 Pa. 243, the testator gave a legacy
of $10,000 in cash to Mary A. Harper, and bequeathed also a
sum of $5,000 to J. Morrow Arnold, for his services as trustee
for Mary A. Harper.   The estate was not sufficient to pay these
two bequests in full, and it was held both by the court below
and this Court that the bequest of $5,000 to the trustee for his
services as such must be paid in full and the legacy of $10,000
must suffer the whole of the abatement.   The reasoning was
that the $5,000 was to be paid to Arnold as compensation for
services to be rendered as trustee, and the legacy was therefore
founded upon a valuable consideration.   In the lower court
HAWKINS, P. J., said: " An estate may be as effectually bound
by a contract entered into in pursuance of a will as by a con-
tract made with the testator in his lifetime. . . . The legacy to
Mr. Arnold falls within the same class.   It was made to him as
a conditional offer of so much compensation for his services as
trustee, and when he accepted the appointment his remedy
against the estate for the amount of the legacy was as complete
as though he had made a similar contract with testator in his
lifetime."

PAXSON, J., delivering the opinion of this Court, said, "There was therefore a consideration for the legacy to Mr. Arnold. All the authorities hold that such a legacy is entitled to preference over other legacies which are mere bounties. . . . It may be the testator placed an extravagant estimate upon the value of Mr. Arnold's services, but that is a matter with which the appellant who is a mere volunteer has no standing to complain. We need not pursue the subject further, as the case has been very carefully and intelligently discussed by the learned judge of the orphans' court."

In the foregoing case the relation between the trustee and the estate of the decedent was viewed in the light of a contract for the payment of the services to be rendered, and was held obligatory upon the estate, and upon all others interested therein. We know of no reason why the same principle should not be applicable to an executor who accepts the trust with the compensation fixed by the will. He is under no obligation to accept the trust. If he does not like its terms he is perfectly at liberty to decline it. But if he accepts it and claims his right to act as executor under the will, certainly he is bound by the terms in which that right is given. If the provision as to his compensation is obligatory upon the estate, it certainly should be held obligatory upon the executor. It is the general rule relating to all contracts and grants of powers or rights, that he who accepts them must take them subject to the duties or burdens with which they are charged. In Allen's Appeal, 125 Pa. 544, the same doctrine was enforced and the compensation of the executor was fixed in strict accordance with the direction of the testator as contained in his will. In Bartolet's Appeal, 1 Walker, 77, decided in 1880, where the executor claimed compensation in excess of the amount allowed by the will, this Court said in a per curiam opinion, "None of the errors are sustained. The appellant accepted the office of executor under a will limiting the compensation he was to receive for his services as such, and it would have to be a case of an extraordinary character which would induce a court to allow more."

It is scarcely necessary to extend the discussion. We regard the question as settled by our own decisions, and hence references to the decisions of the courts of other states of a contrary character do not need to be considered. Nor is anything to be

gained by discussing cases of an exceptional character, such as insolvency of the estate, or the presence of extraordinary circumstances. There is no such aspect of affairs in the present case. The executors took large interests under the will, and it was not only their duty, but to their advantage to administer the estate in such manner as to yield the best results possible. Their compensation for services as executors was definitely fixed by the will at $1,000 each. They accepted the office of executors with full knowledge of this provision, and there is no good reason why they should not be bound to comply with the conditions upon which they hold their title.

The decree of the court below is affirmed and the appeal is dismissed at the cost of the appellants.