## Kennedy Trust.

Argued January 5, 1950. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Jerome L. Markovitz,* for Administrator of deceased Trustee, appellant.

312

*John Russell, Jr.*, with him *Morgan, Lewis & Bockius*, for Fidelity-Philadelphia Trust Co., Trustee, appellant.

*William H. Lathrop*, with him *Joseph W. Swain, Jr., J. Edgar Wilkinson* and *Montgomery, McCracken, Walker & Rhoads*, for appellees.

OPINION BY MR. JUSTICE JONES, March 20, 1950:

The principal question on these appeals is whether the trustees under the *inter vivos* deed of trust, here involved, are entitled to compensation on corpus when their fiduciary duties in respect thereof terminated or, stated otherwise, are the trustees precluded by the terms of the trust instrument from claiming more for their services than the commission on income referred to in the trust indenture. The learned court below held that the compensation was expressly limited to the commission on income and entered a decree accordingly. Each of the trustees has appealed, the interests being separate in the circumstances as will hereinafter appear.

On July 1, 1927, John M. Kennedy, Jr., in pursuance of a separation agreement between himself and wife, assigned and transferred to Frederick M. Leonard and Fidelity-Philadelphia Trust Company, in trust, certain bonds and mortgages in a substantial principal amount. The trust deed provided that the trustees should pay monthly to the settlor's wife a specified portion of the income from the trust estate remaining after deducting therefrom ". . . all necessary and proper charges and expenses, including all taxes payable on the trust property, all insurance premiums, all taxes on real estate bought in to protect mortgage investments but not yet sold for reconversion into new mortgage investments, and a commission of five (5) per cent to the Trustees on all the said income. . . ."

The trust indenture further provided that any net income left, after the required payments to the settlor's wife, was to be paid to the settlor or to his estate during the period of the trust. Upon the death of the settlor's wife, the trustees were to pay over to the settlor or his estate the corpus of the trust then remaining in the hands of the trustees ". . . *after the payment of all the expenses of executing the Trust . . . and all lawful charges on the property in the Trust Estate, . . .*" (Emphasis supplied). The settlor's wife was entitled to withdraw, from time to time, an aggregate of $50,000 from the principal of the trust which she did withdraw. By another provision of the trust deed, the settlor became entitled to, and did, withdraw from corpus $35,000 up to the time of his death on May 13, 1931. The life tenant is still living and the trust, therefore, endures.

The original individual trustee, Frederick M. Leonard, died on April 7, 1929. Elizabeth E. Britton was thereupon substituted for him as a trustee in accordance with an express provision of the trust agreement. Elizabeth E. Britton has since died and, following her death, the account, upon audit of which the instant questions arose, was filed. The Fidelity-Philadelphia Trust Company claimed, on its own behalf, commissions on the total amount of principal withdrawn from the trust; and the administrator of the estate of Elizabeth E. Britton, likewise, claimed a commission on the withdrawals from the trust during her tenure as a co-trustee, $5,000 of the life tenant's withdrawals having occurred during Leonard's service as trustee for which no claim was or is made. Elizabeth E. Britton's administrator also claims a right to a commission on the balance of the principal remaining in the trust, her fiduciary services in connection therewith having come to an end by reason of her death. The deceased trus-

tee's administrator also complains of the rate of commission to the decedent's estate which the learned court below found would be just if compensation on corpus was payable.

It is agreed on all sides that, if a deed or will creating a trust is silent as to the compensation to be paid the trustee, he is entitled to receive a reasonable allowance on the income passing through his hands during the term of the trust and, at the end of the trust, reasonable compensation from the corpus for his care and preservation thereof: *Culbertson's Appeal*, 84 Pa. 303, 305; *Heckert's Appeal*, 24 Pa. 482, 486; *Spangler's Estate*, 21 Pa. 335, 337. It is likewise agreed that, if the instrument creating the trust provides what the trustee's compensation shall be, such provision is binding on all parties concerned: *Constable's Estate*, 299 Pa. 509, 516, 149 A. 743; *Fox's Estate*, 235 Pa. 105, 108, 83 A. 613; *Hays's Estate*, 183 Pa. 296, 297-298, 38 A. 622. These principles are not peculiar to the law of trusts but stem from the cardinal rule of construction which requires that the intent of the parties, as evidenced by their contract, shall prevail. It follows, therefore, that the answer to the basic question here involved is to be found in the correct interpretation of the trust indenture.

Here, the trust deed is silent as to the compensation payable to the trustees upon the termination of their fiduciary duties and their faithful handling of and accounting for the trust corpus. Their *prima facie* right to remuneration for such services is not to be overridden by a mere implication drawn from incidental mention in the deed of trust of a five per cent commission to the trustees on income. That reference occurs in the paragraph which prescribes the manner in which the trustees are to determine, from time to time, the net income available for current distribution

and evidences no intended bearing on the extent of the trustees' full remuneration. Thus, the particular paragraph specifies the various deductions (including the trustees' commission on income) that were to be made from the gross income for the sole purpose of ascertaining at any time the amount of the net income. There is no suggestion that the deductible commission on income was to be in complete discharge of the trustees' services with respect to corpus. On the other hand, where this deed of trust treats with the disposition of the corpus remaining in the trust at the termination thereof, it provides that such corpus shall be paid over to the settlor or his estate ". . . after the payment of all the expenses of executing the Trust . . . and all lawful charges on the property in the Trust Estate, . . .". Surely, reasonable compensation for the fiduciaries' faithful care and preservation of the corpus throughout the period of the trust rightly comes within such contemplated "expenses" and "lawful charges". We therefore hold that the trustees are entitled to reasonable allowance for their services in respect of so much of the corpus as to which their fiduciary duties have terminated.

The learned auditing judge was of the opinion, and the court en banc confirmed the view, that "Betts's Estate, 198 Pa. 640 (1901), clearly rules the situation." Such, however, is not the case. In *Betts's Estate*, the testator directed that the executors' deduction of five per cent from the gross income of the estate was to be ". . . *for such services as such executors* . . ." (Emphasis supplied). That stipulation was imposed not in relation to income or its distribution but in direct connection with the executors' appointment. It was plainly evident that the testator intended, and the executors understood, that the commission on income was to be in complete discharge of their claim for services.

Neither counsel's nor our own research has disclosed a Pennsylvania case where the question here involved was considered. There is a decision by the Chancery Court of New Jersey (*Commercial Trust Co. of New Jersey v. Spiegelberg*, 117 N. J. Eq. 171, 175 A. 164, affirmed *per curiam* by the Court of Errors and Appeals sub nom. *Commercial Trust Co. of New Jersey v. Mason*, 119 N. J. Eq. 376, 182 A. 875) which is presently in point and which is in accord with the opinion herein expressed.

The individual trustee having died, her estate is now entitled, on the current accounting, to her share of the trustees' commission both on the $80,000 withdrawn from corpus during her tenure as trustee as well as on the balance of the corpus remaining in the trust: see *Bosler's Estate*, 161 Pa. 457, 465-466, 29 A. 57. The corporate trustee, which makes no objection to the final payment of its co-trustee, is also presently entitled to its share of the trustees' commission on the total withdrawals from corpus amounting to $85,000. However, payment of the corporate trustee's share of the commission on the corpus, remaining in the trust, must await the termination of the trust. We have no reason to interfere with the rate of compensation on corpus as found by the learned court below to be reasonable in the circumstances nor with the proportional division of such compensation between the two trustees as approved by the court below. Ordinarily, the division between fiduciaries of compensation payable to them is a matter for them to determine, as the court below correctly recognized, but, the situation here obtaining rendered it advisable for the court to fix the relative shares.

Decree reversed and cause remanded for further proceedings in conformity with this opinion; costs to be paid by the estate.