## DuPuy Trust

*Donald L. McCaskey,* for accountant.

*J. Evans Rose, Jr.,* for claimant.

*John G. Kish* and *John M. Kish,* for objector.

*George R. Craig,* trustee ad litem, p.p.

BOYLE, *J.,* July 14, 1975—The question to be determined in this audit is whether the estate of the

deceased trustee is entitled to be paid from the principal of the trust a fair and reasonable compensation for her services rendered in the administration and conservation of the assets of the trust over a period of 44 years, during which the value of the assets increased from $3,100,000 in 1930 to a value of $20,800,000 in 1974.

The trustee died on February 27, 1974.

It is conceded that the deceased trustee has been compensated from the income of the trust for her services rendered in the collection and disbursement of income.

The late President Judge Thomas P. Trimble, as auditing judge in the audit of the first and partial account of Emily W. Reed, trustee for Amy DuPuy McHenry, entered a decree on June 20, 1934, confirming the account. At the end of the schedule of distribution, President Judge Trimble, as part of the court's decree, entered the following:

"Note: The above account is confirmed without prejudice to the accountant to make an additional charge on the corpus of this estate at the termination of her services as trustee."

Thirteen triennial accounts of this trust have been confirmed by the court. At least 11 of the decrees reiterate the above note appended by President Judge Trimble to the decree entered June 20, 1934. Each of these reserves to Emily W. Reed, trustee, the right ". . . to make an additional charge on the corpus at the termination of her services as trustee."

The present auditing judge, in connection with this audit of the fourteenth and partial account of Emily W. Reed, trustee, as aforesaid, perceives no evidence in the record, including the language of the trust instrument, which is sufficient in law to

preclude an allowance to the estate of the deceased trustee of a reasonable compensation from the principal of the trust estate which she administered until her death, with fidelity and care. See Act of June 14, 1836, P. L. 628, sec. 29, 20 PS §3271; Bosler's Estate, 161 Pa. 457, 462, 29 Atl. 54 (1894); Kennedy Trust, 364 Pa. 310, 316, 72 A.2d 124 (1950); Rea Trust, 28 D. & C. 2nd 433 (1962); Restatement 2d, Trusts, §242, Comment (m).

The estate of the deceased trustee asserts a claim against the principal of the trust for compensation in the sum of $250,000.

John DuPuy, one of the remaindermen of the trust, objects to the claim and asserts that the claimant is not entitled to any compensation from the principal of the trust. The trustee ad litem for unborn persons admits that the claimant is entitled to compensation from principal but asserts that the amount claimed is "excessive and exorbitant."

The present auditing judge presided in seven of the audits of the triennial accounts of this trust over the last 25 years. In this capacity, he reviewed the services rendered by the deceased trustee in the administration, conservation and investment of the assets of this trust as those services appear in the accounts and audit records. The increase in the value of the assets of the trust between 1930 and in 1974 is incontrovertible evidence of a successful discharge of fiduciary responsibility.

Miss Emily Reed, the deceased trustee, did not press this claim in her lifetime, although she reserved the right to do so on the record. This right to claim a compensation against principal was also reserved to her in at least 11 decrees of the court confirming her triennial accounts. A brief time before she died, she asked her lawyer to have the note

reserving her right to compensation out of principal entered on the decree confirming the present fourteenth and partial account.

Compensation from the principal of the trust will be allowed to the estate of Emily Reed, deceased, in the sum of $175,000, payable in five successive equal annual installments. This allowance will be included in the schedule of distribution attached to our decree confirming the account now before the court for audit.