357 A.2d 138

In re Fourteenth and Partial Account of Emily W. REED, Trustee for Amy DuPuy McHenry, et al., under Deed of Trust declared by Herbert DuPuy on June 15, 1917, Supplemented by Agreement of Compromise dated May 25, 1938.

Appeal of John DuPUY.

Supreme Court of Pennsylvania.

Argued March 12, 1976.

Decided May 12, 1976.

John M. Kish, Kish & Kish, Pittsburgh, for appellant.

Evans Rose, Jr., Melvin M. Cox, Michael J. Baughman, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

This is an appeal from the Decree of the Orphans' Court of Allegheny County allowing compensation to the estate of Emily W. Reed, deceased, in the amount of $175,000.[1] The issue presented for our consideration is whether a deceased trustee is entitled to receive payment from the principal of a trust for her services in the administration and conservation of that trust in addition to compensation already received from the trust income under the provisions of the will appointing her as trustee.

The facts giving rise to this controversy are as follows. In 1917, Herbert DuPuy established a trust for his granddaughter, Amy DuPuy McHenry. Under the Declaration of Trust, Herbert DuPuy served as trustee until his death in 1930. By the terms of his will, he

---

1. Jurisdiction of this appeal is based upon the Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(4), 17 P.S. § 211.202(4) (Supp.1975).

named Emily W. Reed as his successor trustee, a position she accepted and filled from 1930 until her own death on February 27, 1974.

Article Fourteen of the will of Herbert DuPuy, providing for the appointment of Emily W. Reed as successor trustee, stated in pertinent part:

"I hereby appoint in my place and stead my Secretary, Emily W. Reed, (who since the inception of these Trusts has been familiar with all the details of their management) as my successor in each and all of said Trusts, with all the powers, and subject to all the duties incident to said Trusts, with the condition, however, that in investing any surplus income, she shall seek the advice of the Farmers' Deposit National Bank, of Pittsburgh, and, furthermore, that Douglas G. Sisterson shall assist her in all possible ways.

As compensation for the handling of said trusts, the sum of Four Thousand Dollars ($4,000.00) per annum shall be paid to said Trustee, with an additional sum of Three Thousand Dollars ($3,000.00) per annum to Douglas G. Sisterson, said compensation to be equitably charged against the several trusts.

In case of the inability or refusal of Emily W. Reed to act or to continue as such Trustee, whether occasioned by refusal to accept, death, resignation or otherwise, I appoint the PEOPLES-PITTSBURGH TRUST COMPANY, of Pittsburgh, Pa., to fill the vacancy, with the same rights and powers as are vested in the original Trustee hereinbefore named, the remuneration to be the usual trust fee."

During the forty-four years in which Miss Reed administered the trust, its value increased from approximately $3,100,000 to an estimated $20,800,000.

As trustee, Miss Reed received the designated $4,000 per year from the income of the trust until 1967 when she petitioned the Orphans' Court for an increase to

$8,000 per year. This was consented to by all necessary parties and was granted. She never made any formal request for interim compensation from principal. However, the auditing judge in his decree affirming the First and Partial account of Emily W. Reed, Trustee for Amy DuPuy McHenry, added the following:

> "Note: The above account is confirmed without prejudice to the Accountant to make an additional charge on the Corpus of this Estate at the Termination of her services as Trustee."

At least eleven of the subsequent thirteen triennial accounts carried this same note appended by the auditing judge.

After Miss Reed's death in 1974, Pittsburgh National Bank succeeded as trustee under the provisions of Henry DuPuy's will. Thereafter, at the audit of the Fourteenth and Partial account of Emily W. Reed, Trustee, filed the day before her death, Emily Reed Rabold and Carol M. Reed, Executrices of the Estate of Emily W. Reed, presented a claim for terminal compensation from the principal of the trust pursuant to Section 7185 of the Probate, Estate and Fiduciaries Code (PEF).[2] John

---

2. Section 7185 of the Probate, Estate and Fiduciaries Code provides:

*"Compensation*

(a) *When allowed.*—The court shall allow such compensation to the trustee as shall in the circumstances be reasonable and just, and may take into account the market value of the trust at the time of the allowance, and calculate such compensation on a graduated percentage.

(b) *Allowed out of principal or income.*—Neither the fact that a fiduciary's service has not ended nor the fact that the trust has not ended shall be a bar to the fiduciary's receiving compensation for his services out of the principal of the trust. Whenever it shall appear either during the continuance of a trust or at its end, that a fiduciary has rendered services for which he has not been fully compensated, the court having jurisdiction over his accounts, shall allow him such original or additional compensation out of the trust income or the trust principal or both, as may be necessary to compensate him for the services theretofore rendered by him. The provisions of this section shall apply to ordinary and extraordinary services alike."

Act of June 30, 1972, P.L. 508, No. 164, § 2, *eff.* July 1, 1972, 20 P.S. § 7185.

DuPuy, appellant herein and a beneficiary under the trust, opposed this claim. The lower court allowed compensation to the estate in the amount of $175,000,[3] and we will affirm.

■■ It is well established that if a deed or will creating a trust is silent as to compensation, a trustee is entitled to receive a reasonable allowance on the income passing through his hands during the term of the trust and reasonable compensation from the corpus for his care and preservation of the trust at its end. *Kennedy Trust*, 364 Pa. 310, 314, 72 A.2d 124, 126 (1950); *Bosler's Estate*, 161 Pa. 457, 462, 29 A. 57, 60 (1894); Restatement (Second) of Trusts § 242 (1957); A. W. Scott, Trusts § 242 (3d ed. 1967). It is also well established that if the instrument creating the trust provides the amount of compensation for the trustee, this provision is binding upon all parties concerned. *Kennedy Trust*, 364 Pa. at 314, 72 A.2d at 126. *Hays's Estate*, 183 Pa. 296, 299, 38 A. 622, 623 (1897). Appellant notes this precedent and also Section 7185(c) of the PEF, which provides:

> "*Compensation prescribed by will or other instrument.*
>
> Where the compensation of a fiduciary is *expressly prescribed* either by provisions of a will or deed of trust or other instrument under which he is acting or by provisions of an agreement between him and the creator of a trust, nothing in this section shall change in any way the rights of any party in interest or of the fiduciary." [4]

Appellant argues that the provision in Herbert DuPuy's will setting the compensation for the trustee at the sum

---

3. The amount of compensation set by the Orphans' Court is not in controversy.

4. Act of June 30, 1972, P.L. 508, No. 164, § 2, *eff.* July 1, 1972, 20 P.S. § 7185 [Emphasis added].

of $4,000 per year was intended by him to be the sole compensation for Miss Reed, and also that her estate would be barred under Section 7185(c) from requesting more compensation. Appellant further contends that since Miss Reed accepted the position of trustee with this limitation, it should be binding.[5] Appellant also points to the fact that the successor trustee in the will was provided with compensation in the usual amount which would have included compensation from principal and income. He asserts that since Miss Reed was not expressly provided with compensation in the usual amount, this implies that she was only to receive compensation from income.

■ Appellant's arguments overlook our decision in *Kennedy Trust*, 364 Pa. 310, 72 A.2d 124 (1950). In that case, we permitted the estate of a deceased trustee to obtain compensation from the principal after the termination of the trust and stated:

> "Here, the trust deed is silent as to the compensation payable to the trustees upon the termination of their fiduciary duties and their faithful handling of and accounting for the trust corpus. Their *prima facie* right to remuneration for such services is not to be overridden by a mere implication drawn from incidental mention in the deed of trust of a . . . commission to the trustees on income. . . . There is no suggestion that the deductible commission on income was to be in complete discharge of the trustees' services with respect to corpus."

*Id.* at 314–15, 72 A.2d at 126. *See also Rea Trust*, 28 Pa.D. & C.2d 433, 435–36 (1962). Just as in *Kennedy Trust*, there is no mention made in the will of Herbert

5. We have held that when an executor's compensation is fixed by the terms of a will and he accepts the position with knowledge of the limitation, he is bound by it. *Bett's Estate*, 198 Pa. 640, 641, 48 A. 873, 874 (1901); *Hay's Estate*, 183 Pa. 296, 299, 38 A. 622, 623 (1897).

DuPuy concerning compensation from principal upon the termination of the trust. Since the trust deed is silent, we will not presume that the settlor intended to preclude this form of compensation. This interpretation is entirely consistent with Section 7185(c) of the PEF. Only compensation from income was "expressly prescribed" by the provisions of the will, not compensation from principal.

Appellant also contends that since Emily W. Reed did not ask for principal compensation during the term of the trust, this implies that she accepted the compensation provided for her. This argument is unpersuasive. Even though Miss Reed might have pressed a claim for interim principal compensation during the latter part of her trusteeship,[6] there is no requirement that this be done, and we will not presume that she thereby intended to waive terminal compensation.

Finally, appellant points to the other sources of income provided by Herbert DuPuy for Miss Reed during her lifetime as evidencing his intention that the $4,000 per year provided for her administration of the trust should be full compensation. While it is true that Herbert DuPuy did provide generously for Miss Reed in other ways, her particular financial status is irrelevant in determining whether her estate is entitled to compensation. Rather, the services rendered by a trustee to the

---

6. It had been a well established rule that except in extraordinary or unusual circumstances, a trustee could only receive principal compensation at the termination of the trust or at the end of the trustee's connection with it. *Williamson's Estate*, 368 Pa. 343, 350, 82 A.2d 49, 53 (1951); *Kennedy Trust*, 364 Pa. 310, 314, 72 A.2d 124, 126 (1950); *Bosler's Estate*, 161 Pa. 457, 462, 29 A. 57, 60 (1894). However, in 1953, the legislature enacted the predecessor of the present Section 7185(b) of the PEF, *see* note 2 *supra*, which permits interim compensation from principal. In *Ehret Estate*, 427 Pa. 584, 235 A.2d 414 (1967), we held that this provision could constitutionally be applied retroactively to trusts created prior to its passage as there is no vested right in a beneficiary as to the time of payment of a commission. *Id.* at 596–97, 235 A.2d at 421.

trust determine the amount of just and reasonable compensation. *Williamson's Estate,* 368 Pa. 343, 348–49, 82 A.2d 49, 52 (1951); *see also* Section 7185(a) of the PEF, note 2 *supra.* Fixing the amount of compensation is within the discretion of the court below, and this is not now in dispute.

Therefore, the Decree of the court below is affirmed. Each party to bear own costs.