607 A.2d 803

**IN the Matter of INDENTURE AGREEMENT of Charlotte S. LAWSON Dated December 31, 1951.**

**Appeal of: MELLON BANK (North) National Association Executor of the Estate of Charlotte S. Lawson and Integra Bank.**

Superior Court of Pennsylvania.

Submitted April 6, 1992.

Filed May 22, 1992.

Joseph R. Kushner, Oil City, for appellant.

James M. Greenfield, Franklin, for Integra Bank, participating party.

Before CAVANAUGH, MONTEMURO and HESTER, JJ.

CAVANAUGH, Judge:

This appeal presents a single issue:

Is a Trustee under an inter vivos trust precluded from taking a principal termination fee at the end of its fiduciary duties where the trust instrument limited the trustee's fees during the trust to a commission based on income, but is silent as to fees based on principal at the end of the trust?

The court below adopted the recommendation of the auditor and dismissed exceptions thereto thereby disallowing a claim for a termination fee by trustee, Mellon Bank (North) National Association, in the amount of $36,090.30.

The auditor, in his report, has accurately set forth the background which gave rise to this issue:

On December 31, 1951, Charlotte S. Lawson, as Settlor/Grantor, entered into a Trust Indenture with Oil City National Bank as Trustee. Mellon Bank (North) N.A. is the Successor Trustee to Oil City National Bank.

Charlotte S. Lawson died on October 3, 1988, and First Seneca Bank is the Executor of her Estate. Upon Charlotte S. Lawson's death, the Trust Indenture termination and the assets were to be delivered to her personal representative (i.e., the Executor of her Estate, First Seneca Bank).

In finalizing the administration of the trust and delivery of the assets, Mellon Bank prepared and filed its First and Final Account for the period from December 31, 1951 through September 26, 1989. First Seneca Bank subsequently filed Objections to the Account on the basis that:

1. The Account contained no accounting for income receipts, disbursements, distributions and balances;
2. Mellon improperly claimed a Termination Fee in the amount of $36,090.30; and
3. Alternatively, that the Termination Fee as claimed was excessive.

Mellon Bank subsequently filed an additional Income Accounting, and the only remaining issues are Nos. 2 and 3; i.e., that Mellon Bank is not entitled to a Termination Fee and that the Termination Fee is excessive.

The statute governing the matter of compensation for trustees is:

§ 7185. Compensation

(a) When allowed.—The court shall allow such compensation to the trustee as shall in the circumstances be reasonable and just, and may take into account the market value of the trust at the time of the allowance, and calculate such compensation on a graduated percentage.

(b) Allowed out of principal or income.—The fact that a fiduciary's service has not ended or the fact that the trust has not ended or the fact that the trust is perpetual shall

not be a bar to the fiduciary's receiving compensation for his services out of the principal of the trust. Whenever it shall appear either during the continuance of a trust or at its end, that a fiduciary has rendered services for which he has not been fully compensated, the court having jurisdiction over his accounts, shall allow him such original or additional compensation out of the trust income of the trust principal or both, as may be necessary to compensate him for the services theretofore rendered by him. The provisions of this section shall apply to ordinary and extraordinary services alike.

(c) Compensation prescribed by will or other instrument.—Where the compensation of a fiduciary is expressly prescribed either by provisions of a will or deed of trust or other instrument under which he is acting or by provisions of an agreement between him and the creator of a trust, nothing in this section shall change in any way the rights of any party in interest or of the fiduciary. Act of June 30, 1972 P.L. 508 as amended February 18, 1982 P.L. 45, 20 Pa.C.S.A. § 7185.

■ It is clear that the law contemplates that a trustee shall receive reasonable full compensation for his services and that in the absence of an agreement by the parties, the amount of compensation shall be fixed by the court having jurisdiction over the trust. *In re Ischy Trust,* 490 Pa. 71, 415 A.2d 37 (1980); *In re Reed,* 467 Pa. 371, 357 A.2d 138 (1976) (Court refused to presume that lack of mention in deed of trust should be read as preclusion of right to termination fee for trustee.)

■ Both parties argue that the leading Pennsylvania authority on the issue herein is the case of *In re Kennedy Trust,* 364 Pa. 310, 72 A.2d 124 (1950). *Kennedy* enunciated the principle that entitlement to trustees' compensation is not a matter of the law of trusts, but of the intent of the parties as evidenced by their contract. In applying this principle, the court pointed out that where (as here) the trust deed is silent as to termination fees, the right thereto

is not precluded by the fact that the deed provides for a fixed rate of compensation as income.

The auditor's report (approved by the court below) read the trust instrument as limiting the trustee's compensation to the fee provided from income during the continuance of the trust. The paragraph of the indenture thus interpreted by the auditor is paragraph ten:

TENTH: The total compensation to the Trustee under this indenture during the continuance of this trust shall be the sum of four percent of the gross income received and collected by the Trustee upon the Trust Estate as herein defined.

Reliance was placed on the fact that the settlor used the word "total" before the provision for income compensation and that applying the *Kennedy* analysis the compensation provision here is in a separate paragraph of the indenture and, therefore, is not an "incidental" mention of a fixed fee from income of the trust.

The right of a trustee to compensation upon the termination of a trust (or termination of trustee's services) has been long and well established in Pennsylvania. *In re Williamson Estate*, 368 Pa. 343, 82 A.2d 49 (1951) (citing cases).[1] It must be assumed that the parties to the present indenture were aware of this established right. So understood, we believe that the auditor read the indenture too narrowly. We would read paragraph ten, which provides for compensation from income not to preclude termination compensation, and we note that the provision by its terms applies only to compensation "during the continuance of the trust". Nor do we read the supreme court's use of the words "incidental mention" (of compensation from income) to suggest that courts should apply a gravity of expression

1. It is interesting to note that *Williamson* dealt with the issue of the right to *interim* compensation during the life of a trust a practice not then permitted absent agreement to the contrary. *Williamson* was decided in 1951. The present trust was created the same year. *See also*, Act of May 1, 1953 P.L. 190; *In re Scott Estate*, 418 Pa. 332, 211 A.2d 429 (1965).

test for implied preclusion of trustees' termination compensation.

Again, differing from the auditor, we read the settlor's directive that, upon termination of the trust, trustee shall "settle the trust" to be entirely consistent with the right of the trustee to reasonable compensation for performance of the duties as trustee including the proper termination thereof.

Finally, the auditor's argument that a sophisticated trustee would have made provisions for additional compensation had it been so intended is answered by the fact that, given the *prima facie* entitlement to termination compensation, it would appear in the settlor's interest to specifically negate the right to compensation for the trustee upon termination of the trust if that was the intention of the parties. We reverse the order of court which disallowed a claim for termination fee for Mellon Bank (North) National Association and remand for calculation of, and award of, reasonable and just compensation for the trustee.

Order reversed. Case remanded. Jurisdiction is relinquished.