**HIGHLAND TOWNSHIP**

v.

**The COUNTY OF ELK, and June H. Sorg, Christine Gavazzi and Joseph E. Koch, individually and as members of the Elk County Board of Commissioners.**

**Johnsonburg Area School District**

v.

**The County of Elk, and June H. Sorg, Christine Gavazzi and Joseph E. Koch, individually and as members of the Elk County Board of Commissioners.**

**Jones Township**

v.

**The County of Elk, and June H. Sorg, Christine Gavazzi and Joseph E. Koch, individually and as members of the Elk County Board of Commissioners.**

**Millstone Township**

v.

**The County of Elk, and June H. Sorg, Christine Gavazzi and Joseph E. Koch, individually and as members of the Elk County Board of Commissioners.**

**The Ridgway Area School District**

v.

**The County of Elk, and June H. Sorg, Christine Gavazzi and Joseph E. Koch, individually and as members of the Elk County Board of Commissioners.**

**The Township of Ridgway**

v.

**The County of Elk, and June H. Sorg,**

---

Christine Gavazzi and Joseph E. Koch, individually and as members of the Elk County Board of Commissioners.

The Township of Spring Creek

v.

The County of Elk, and June H. Sorg, Christine Gavazzi and Joseph E. Koch, individually and as members of the Elk County Board of Commissioners, Appellants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 16, 1999.

Decided Oct. 26, 1999.

As Amended Nov. 5, 1999.

Bradley J. Kraus, Johnsonburg, for appellants.

James H. DeVittorio, Ridgway, for appellee, Township of Ridgway.

Before DOYLE, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

PELLEGRINI, Judge.

The County of Elk, June H. Sorg, Christine Gavazzi and Joseph Koch, Commissioners (collectively, the County) appeal from an order of the Court of Common Pleas of the Fifty–Ninth Judicial District, Elk County Branch (trial court) finding that the County was not entitled to impose a 2% administrative fee on national forest fund money that it distributed to Highland

Township, Spring Creek Township, Jones Township, Millstone Township, Ridgway Township, Johnsonburg Area School District and Ridgway School District (collectively, Recipients).

Since 1908, pursuant 16 U.S.C. § 500,[1] the federal government has made grants to states and territories in which national forest land is located. The grants are intended to benefit public schools and public roads located within the national forests. Under the Act of April 27, 1925, P.L. 324, *as amended*, 72 P.S. §§ 3541–3543 (Act), the Commonwealth distributes the funds it receives to the counties in which the national forest is located in proportion to the amount of national forest located within the boundaries of the county.[2] Although the funds are given to the individual counties, the Act requires that the counties distribute three-fourths of the funds for the benefit of public schools and the remaining one-fourth for the benefit of public roads of the townships of the county in which the national forest is located. Section 2 of the Act, 72 P.S. § 3542. Alternatively, the grants may be distributed between the public schools and townships, each receiving one-half of the monies upon a majority of the electorate voting in favor of the distribution scheme. Section 3 of the Act, 72 P.S. § 3543. The Allegheny National Forest is partially located in the County, and the County receives from the Commonwealth national forest grants that the Commonwealth receives from the federal government for further distribution to local governments and school districts.

In 1991, the County began retaining a 2% administration fee from the grants purportedly to defray its costs in distributing the grant funds to the eligible school districts and townships. It was not, however, until 1994 that the County informed the Recipients that it was doing so. When told, the Recipients, who all receive a share of the national forest grant, each filed a complaint against the County, some in 1994 and others in 1995, challenging its imposition. The County answered, contending that it was entitled to the fee because as trustee of the national park grant funds it received from the state, it was, as any trustee is, entitled to fees to defray its expenses. In New Matter, the County also alleged that any claim with respect to a fee retained longer than two years before a claim was filed was time barred by the two-year statute of limitations provided for in 42 Pa.C.S. § 5524 related to the non-payment of money.[3]

At trial, no testimony was taken but instead certain stipulations were entered into by the parties. Among those stipulations was that the County acted as a trustee of the funds it received, and in 1991, it

1. 16 U.S.C. § 500 states, in pertinent part:

   On or after May 23, 1908, twenty-five per centum of all moneys received during any fiscal year from each national forest shall be paid, at the end of such year, by the Secretary of the Treasury to the State or Territory in which such national forest is situated, to be expended as the State or Territorial legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which such national forest is situated. Provided, That when any national forest is in more than one State or Territory or county the distributive share to each from the proceeds of such forest shall be proportional to its area therein.

2. *See* Section 1 of the Act, 72 P.S. § 3541, which provides in pertinent part:

   All moneys heretofore or hereafter paid to the Commonwealth by the Secretary of the Treasury of the United States under the provisions of the aforesaid act shall be paid by warrant of the Auditor General on the State Treasurer to the treasurers of the several counties in which the forest reserve is situated, in the proportion that the area of said reserve in the respective counties bears to the area of the reserve within the Commonwealth.

3. 42 Pa.C.S. § 5524 provides, in pertinent part:

   The following actions and proceedings must be commenced within two years: ... (6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon execution or otherwise in his possession.

began imposing a 2% administrative fee without any notice to the Recipients. The parties also stipulated that the Recipients first had actual knowledge of the fee's imposition in the spring of 1994, with written notice in November 1994. It also was stipulated that the County would maintain a single audit for each year in question that was open for inspection and showed that an administrative fee was being imposed listing it as a revenue source.

Based on the facts contended in the stipulations, the trial court held that nothing in the applicable state and federal legislation relating to the distribution of national park funds authorized the County to impose an administration fee and, by doing so, it breached its fiduciary duty to Recipients. Even though there is the two-year statute of limitations contained in 42 Pa. C.S. § 5524 relating to the non-payment of money, it held that Recipients were not time barred from claiming fees retained more than two years prior to the filing of their actions because Recipients did not

have actual notice of the County taking the 2% administrative fee until the spring of 1994, and only then did the two-year statute time begin to run as to all retained fees. After the trial court dismissed its post-trial motions, the County's appeal followed.

Relying on *In re Ischy Trust,* 490 Pa. 71, 415 A.2d 37 (1980), the County again contends[4] that as trustee of the those funds, once it receives them from the state, it is entitled to an administrative fee to defray the cost of distributing the national park grants to Recipients because a trustee can charge a reasonable fee for it services. In *Ischy,* our Supreme Court stated:

> We begin with the established principle that fiduciaries in this Commonwealth are entitled to fair and just compensation for services they perform, *Williamson Estate,* 368 Pa. 343, 82 A.2d 49 (1951); *Kennedy Trust,* 364 Pa. 310, 314, 72 A.2d 124, 126 (1950), *a rule required by statute, 20 Pa.C.S. § 7185.*[5] Thus the

4. The County also contends that it is entitled to a new trial because the trial court improperly precluded the testimony of Michael Piccarillo, the County's Independent Auditor, who would have testified that the 2% administrative fee was authorized by a correspondence from the Department of Environmental Protection (DEP). In *County of Elk v. Highland Township,* 677 A.2d 398 (Pa.Cmwlth. 1996) (*Highland* I), we found that DEP was not an indispensable party because "DEP's role [in the national forest grant program] is ministerial in nature. ... it merely collects all the audits done by the counties to which it distributes federal financial assistance and transmits the independent auditor's report and any corrective plan to federal agency oversight powers, DEP is not required to make a substantive evaluation of the independent auditor's findings. Therefore, ..., DEP has no regulatory power over the subject of the action against the County." *Highland,* 677 A.2d at 403. Because DEP had no responsibility under the Act, even if one DEP representative had stated that it had no objection, we agree with the trial court that any testimony would not be probative.

5. 20 Pa.C.S. § 7185 provides:
   (a) When allowed.—The court shall allow such compensation to the trustee as shall in the circumstances be reasonable and just,

and may take into account the market value of the trust at the time of the allowance, and calculate such compensation on a graduated percentage.
   (b) Allowed out of principal or income.— The fact that a fiduciary's service has not ended or the fact that the trust has not ended or the fact that the trust is perpetual shall not be a bar to the fiduciary's receiving compensation for his services out of the principal of the trust. Whenever it shall appear either during the continuance of a trust or at its end, that a fiduciary has rendered services for which he has not been fully compensated, the court having jurisdiction over his accounts shall allow him such original or additional compensation out of the trust income or the trust principal or both, as may be necessary to compensate him for the services theretofore rendered by him. The provisions of this section shall apply to ordinary and extraordinary services alike.
   (c) Compensation prescribed by will or other instrument.—Where the compensation of a fiduciary is expressly prescribed either by provisions of a will or deed of trust or other instrument under which he is acting or by provisions of an agreement between him and the creator of the trust, nothing in this section shall change in any

absence of any compensation provision in a trust document or the absence of any independent compensation agreement is not a bar to compensation. *Reed Account,* 467 Pa. 371, 376, 357 A.2d 138, 140–41 (1976); *Bosler's Estate,* 161 Pa. 457, 462, 29 A. 57.

490 Pa. at 80, 415 A.2d at 37, 42. *See also:* *Estate of Salus,* 421 Pa.Super. 87, 617 A.2d 737 (1992).

■ While a trustee carrying out the terms of a trust document is entitled to a fee, that entitlement is one given by 20 Pa.C.S. § 7185, which only applies to private trustees that are carrying out a private trust, not a governmental entity carrying out a statutory duty. When so required, a governmental entity must do so in accordance with how legislation denominates how the public funds are to be spent or disbursed. In this case, no fee authority exists in the Act and none can be inferred because the Act requires that all funds be distributed to the Recipients. If the General Assembly wanted to provide for such an administrative fee, it would have so provided as it has for both private trustees in 20 Pa.C.S. § 7185 as well as where governmental entities are required to collect and disburse funds from and for other governmental entities. *See generally* the Act of November 1, 1971, P.L. 495, *as amended,* 16 P.S. § 11011–6(1) (providing that the recorder of deeds withhold 2% of money obtained from deed transfer tax collections and turn the money over to the County to pay for administration of the Act); the Act of March 4, 1971, P.L. 6, 72 P.S. § 7226 (providing that each county treasurer, in collecting sales and use tax, may retain costs of administering the provision, not to exceed 1% of the amount of use taxes collected); the Act of October 11, 1984, P.L. 906, 35 P.S. § 1758 (providing for counties to retain a proportionate share of administrative costs under the community development block grant program for non-urban counties and certain other municipalities).

■ Even if it improperly retained the 2% administrative fee, the County contends that 42 Pa.C.S. § 5524, which provides that a suit for non-payment of money must be brought within two years, bars any return of funds prior to 1992 for some Recipients and 1993 for others, depending on the filing dates of their respective actions. The Recipients, however, contend that none of the claims filed are barred by a two-year statute of limitations because they did not discover the imposition of the fee until 1994 when the County notified the townships it was retaining the administrative fee and that is when the statute of limitations began to run as to all improperly retained fees. We agree.

■ When the existence of the injury is not known to the complaining party, and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible. *McCauley v. Owens-Corning Fiberglass Corp.,* 715 A.2d 1125 (Pa. Super. 1998). A party, however, must use reasonable diligence to be "informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period." *Id.* In this case, the Recipients did not have actual knowledge of the County's retention of the 2% administrative fee until the spring of 1994, nor did they have any duty to inspect the County's annual audits to so discover, especially when the County was presumed to have been distributing the funds in accordance with its statutory mandate. Because the townships did not "discover" that the County was improperly imposing an administrative fee until 1994, their claims for those fees imposed prior to 1992 are not time barred because each of their ac-

way the rights of any party in interest or of the fiduciary.

tions were filed within the appropriate time period.[6]

Accordingly, the County of Elk's unilateral retention of 2% of the Federal Forest Grant as an administrative fee is wrongful and the decision of the trial court is affirmed.

### *ORDER*

AND NOW, this 26th day of October, 1999, the order of the Court of Common Pleas of the Fifty–Ninth Judicial District of Pennsylvania (Elk County Branch), dated January 18, 1999, Nos. 95–630, 95–3, 95–208, 95–631, 95–71, 94–575 and 94–731, is affirmed.

---

**6.** The Recipients also contend that the County is also precluded from asserting the statute of limitations because of its unilateral retention of the 2% amount to constructive fraud and self-dealing sufficient to toll the statute of limitations. Because we have found that the time did not begin to run until they discovered that the County was retaining an administrative fee, we need not address that issue.